## INJUNCTION AGAINST ONE PARTY TO A CONTRACT.

[Circuit Court of Clermont County.]

. HOWARD FERRIS V. BOARD OF COMMISSIONERS OF CLERMONT COUNTY.

Decided, February 2, 1907.

*Roads—Purchase of Toll Road—By County Commissioners under 97 O. L., 414—Injunction against Execution of Contract—Description of Road—Termini—Toll-Houses are Appurtenances—Right-of-Way for Traction Company—Presumption as to Parties.*

1. For the reason that one having an interest in a contract is a necessary party to an action to enjoin execution of the contract, a general demurrer will not lie to a petition averring that a contract to which plaintiff is a party has been enjoined in an action to which he was not a party, and praying for a vacation of the decree of injunction and for specific performance.

2. The act of April 25, 1904 (97 O. L., 414), authorizing county commissioners to purchase toll roads upon and along which suburban and interurban railroads are constructed and to maintain the same as free turnpikes, is not unconstitutional for lack of uniformity of operation.

3. The authority granted by this act is not limited to the purchase of toll roads having both termini within the county; it does not, by authorizing the purchase of roads upon which traction companies have secured rights of way, make possible such a joint ownership as is forbidden by the Constitution; but it does authorize the purchase of appurtenances of the road such as toll-houses.

GIFFEN, J.; JELKE, J., and SWING, J., concur.

The plaintiff sets forth in his petition a contract with the commissioners of Clermont county for the sale of that portion of the Ohio turnpike within Clermont county, pursuant to an act of the Legislature passed April 25, 1904, (97 O.L., 414), and the approval of a bond securing the payment of twenty per cent, of the purchase price of $28,750; that thereafter the court of common pleas, upon application of the prosecuting attorney, enjoined the county commissioners from "taking any further action whatsoever with a view of executing the contract," upon the ground that the same was in contravention of the laws of Ohio. The

prayer of the petition is for a vacation of the decree of injunction and for affirmative relief in the nature of specific performance.

This action is not brought under favor of Section 5354, R. S., to vacate a judgment, but is an original action for equitable relief and therefore appealable.

The real controversy arises upon a general demurrer to the petition. The first contention is that the plaintiff was not a necessary party to the injunction suit, and therefore can not attack the decree in this action. It must be conceded that he is not concluded or bound by the decree, and yet if it remains in full force against the commisioners, he is powerless to obtain any relief under the contract which the court has held to be in contravention of the laws of the state. The contract, although executory, was nevertheless complete and binding upon both parties until rescinded or lawfully set aside. With such existing mutual rights, it would be inequitable to determine the rights of both by an action against one only. It would not only deprive him of his day in court, but would open wide the door to fraud and collusion. We are of the opinion that the present plaintiff was a necessary party to the injunction suit, and not being made such can, in this action, attack the decree so far as it affects his interest in the contract; and besides it is his only remedy, as he could not maintain an action for damages for breach of a contract which the same court has declared illegal. It was unnecessary for the plaintiff to aver that he himself was not a party to the injunction suit. He does aver that the action was commenced by the prosecuting attorney against the board of county commissioners, and that a decree was entered restraining it from doing the act complained of; whence the presumption that no other person was a party to the suit. The provisions of Section 2834*b* and Section 851, Revised Statutes, do not apply to the act under which the contract was made (*Cincinnati* v. *Holmes, Administrator*, 56 O. S., 104).

The construction of the act which limits any purchase thereunder to such roads only as have both termini within the county is strained and unsound.

The description of the turnpike sold, although not by metes and bounds, is sufficient to identify the property, and will therefore support an action for specific performance.

The objection that the act does not authorize the purchase of toll-houses is not sound, as they are appurtenances of all such roads, and as much a part of the roads as the bridges and other appurtenances.

It is contended that the county commissioners can not lawfully purchase a turnpike subject to a right of way theretofore granted to a traction company, and reliance is had upon the case of *Alter* v. *Cincinnati*, 56 O. S., 47, but in that case the act of April 24, 1896 (92 O. L., 606), was, except Section 8 thereof, held to be a valid statute, and yet under Section 6 the commissioners of water works were authorized to "appropriate any land, turnpike, highway or franchise of any description, or any easement or interest in any of the same."

In this case the county commissioners purchased the entire turnpike, subject to the right of way of the traction company. This is not a part ownership, such as would bring it within the inhibition of Section 6 of Article VIII of the Constitution.

Nor do we think that the act under consideration contravenes Section 26 of Article II of the Constitution. (*State, ex rel,* v. *Turnpike Co.,* 37 O. S., 481; *Railway* v. *Horstman,* 72 O. S., 93).

We have examined the other objections to the petition, and finding none of sufficient force to warrant us in sustaining a general demurrer, the same will be overruled.

*Rufus B. Smith, Ellis G. Kinkead* and *Frazier & Hicks,* for the plaintiff.

*Davidson, Hulick & Nichols,* for Clermont County.